**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4771**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAMIN MARSHALL,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:17-cr-00342-H-1)

Submitted: July 23, 2019                    Decided: August 20, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, Wilmington, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damin Marshall appeals his sentence after pleading guilty to aggravated sexual assault by force in violation of 18 U.S.C. § 2241(a) (2012). The district court determined his Guidelines range was 210 to 262 months and imposed a sentence of 216 months. On appeal, Marshall contends his prison sentence is procedurally unreasonable because the district court failed to properly consider his non-frivolous arguments; and it is substantively unreasonable because it is greater than necessary under the circumstances. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We first ensure the district court committed no significant procedural error such as failing to adequately explain its sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a claim of procedural error is preserved, we "'must reverse if we find error, unless we can conclude that the error was harmless.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (quoting *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010)). If a sentence is procedurally reasonable, we consider its substantive reasonableness, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. A sentence within the Guidelines range is presumptively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citing *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014)). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *Louthian*, 756 F.3d at 306.

"[A] district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *Lynn*, 592 F.3d at 578. "Of course, lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." *Id.* at 579 n.4. Moreover, "merely 'point[ing] out'" facts without making "arguments" for a different sentence "based on consideration of the relevant § 3553 factors" does not preserve a claim. *Id.* at 578, 580.

"[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum" but consider "[t]he context surrounding a district court's explanation." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). "[S]ome cases require only a brief explanation of the sentencing judge's conclusions, such as when a judge 'appl[ies] the Guidelines to a particular case' because the case is typical and 'the Guidelines sentence is a proper sentence (in terms of [18 U.S.C.] § 3553(a) and other congressional mandates) in the typical case.'" *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (quoting *Rita v. United States*, 551 U.S. 338, 356-57 (2007)). Where a "'defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' the judge 'will normally go further and explain why he has rejected those arguments.'" *Id.* at 518-19 (quoting *Rita*, 551 U.S. at 357).

3

We have reviewed the record and the parties' arguments, and we conclude that Marshall's sentence is procedurally and substantively reasonable. First, Marshall contends that his sentence is procedurally unreasonable because the district court failed to consider his non-frivolous arguments in support of "the lowest possible sentence." Specifically, he argues that the court did not explain its "rejection of Mr. Marshall's strong family support, willingness to engage in treatment, and commitment to completing basic training for the Army National Guard." However, we conclude that the court addressed or considered all non-frivolous reasons that Marshall presented for imposing a lower prison sentence.

Marshall noted his family support in requesting a placement recommendation; and the district court adequately explained its denial of his request. As for his willingness to engage in treatment for his alcohol abuse, the court granted his request to recommend the most intensive alcohol treatment available during his incarceration. In explaining his arrest for larceny during basic training for the Army National Guard, Marshall mentioned that he elected to repeat his basic training as a "sanction" in lieu of being thrown out of the Army. Even assuming that he presented this as a reason for imposing a lower prison sentence, we conclude the court adequately explained its decision to instead sentence him to 216 months. Among other things, the court explained it considered his advisory Guidelines range and other § 3553(a) factors, and it imposed the sentence because of the aggravating factors and the length of sentence required in the case. We further conclude that Marshall fails to rebut the presumption that his Guidelines-range sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*